**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YISCAH SEROR, | : | CIVIL ACTION NO. 14-1729 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| CREDIT CONTROL, LLC, | : | |
| Defendant. | : | |

**THE PLAINTIFF** alleges that the defendant violated 15 U.S.C. § 1692c(b) of the Fair Debt Collection Practices Act ("FDCPA") by fully disclosing to a third party that it was seeking to collect a debt owed by the plaintiff. (See dkt. 1, Compl.)

**THE CLERK OF THE COURT** has entered default in favor of the plaintiff and against the defendant in accordance with Federal Rule of Civil Procedure ("Rule") 55(a). (See entry following dkt. 4.)

**THE PLAINTIFF** now moves pursuant to Rule 55(b)(2) for the entry of default judgment against the defendant. (See dkt. 6, Notice of Mot.) The plaintiff has submitted proof of damages in support of the motion. (See dkt. 6-1, Pl. Counsel Affirmation; dkt. 6-2, Exhibits Supporting Pl. Counsel Affirmation; dkt. 6-3, Pl. Br.) The plaintiff seeks "[a] judgment in the amount of $5,669.00 against the Defendant" comprised of: (1) "statutory damages of $1,000.00 for the Defendant's violation of the FDCPA"; (2) "filing fees of $400.00 and service of process fees of $189.00 for total costs amount of $589.00"; and (3) "attorneys' fees of $4,080.00". (Dkt. 6 at 2.)

**THE DEFENDANT** has not opposed the motion, even though the return date was several weeks ago. The Court's independent review of the relevant Westlaw databases reveals that the defendant does not have a pending petition for bankruptcy protection, and thus the defendant could have responded to the motion.

**THE COURT** will decide the motion without oral argument. See L.Civ.R. 78.1(b). The Court will grant the motion, because the Court's review of the supporting papers reveals that the plaintiff has demonstrated entitlement to relief.

**THE FDCPA** provides for statutory damages up to $1,000 to be awarded at the Court's discretion. See 28 U.S.C. § 1692k(a)(2)(A) (permitting award of statutory damages "as the court may allow, but not exceeding $1,000"); Meth v. ARM WNY, LLC, No. 14-1613, 2015 WL 1021287, at *2 (D.N.J. Mar. 9, 2015). Accordingly, the Court will grant the part of the motion seeking an award of statutory damages in the amount of $1,000.

**THE FDCPA** provides that a defendant may be held "liable" for "the costs of the action". 15 U.S.C. § 1692k(a)(3). The Court will grant the part of the motion seeking an award of costs in the amount of $589, because the plaintiff has demonstrated entitlement to that amount. (See dkt. 6-1 at 2; dkt. 6-2 at 2, 4.) See Hoover v. A & S Collection Assocs., No. 13-5852, 2014 WL 2711036, at *4 (D.N.J. June 16, 2014) (granting part of motion for entry of default judgment seeking award of $535.01 for costs in FDCPA action).

**THE FDCPA** provides for an award of "a reasonable attorney's fee as determined by the court". 15 U.S.C. § 1692k(a)(3).  The plaintiff's papers provide a reasonable basis for the amount sought by setting forth: (1) the dates and the hours worked in furtherance of this litigation; (2) descriptions for each service rendered; and (3) the appropriate hourly rate for attorneys representing plaintiffs in actions brought under the FDCPA.  (See dkt. 6-1 at 1–2; dkt. 6-2 at 1–2; dkt. 6-3 at 8–10.)  See Hoover, 2014 WL 2711036, at *4 (granting part of motion for entry of default judgment seeking award of $4,922.50 in attorneys' fees in FDCPA action); Butler v. S. Simmons & Assocs., No. 05-5757, 2007 WL 835423, at *3 (D.N.J. Mar. 14, 2007) (granting part of motion for entry of default judgment seeking award of $5,221.50 in attorneys' fees in FDCPA action).  Therefore, the Court will grant the part of the motion seeking an award of attorneys' fees in the amount of $4,080.

**THE COURT** notes that the defendant has an available avenue to contest the entry of default judgment, if appropriate.  See Fed.R.Civ.P. 55(c) (stating court "may set aside a default judgment under Rule 60(b)"); see also Fed.R.Civ.P. 60(b) (setting forth grounds for relief from final judgment).  For good cause appearing, the Court will issue an appropriate order and judgment.

       s/ Mary L. Cooper  
       **MARY L. COOPER**  
       United States District Judge

Dated: May 20, 2015